UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALASKA AIRLINES, et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-00247-JHC<br><br>ORDER |

      This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel in Title VII Action. Dkt. # 10. This application is noted for April 28, 2023, but no other parties have appeared in the matter, and the Court may now rule on it.

      Plaintiff, proceeding pro se and *in forma pauperis*, claims a violation of Title VII. Dkt. ## 8 & 9. Plaintiff requests appointment of counsel because she has been unsuccessful in her efforts to obtain counsel. Dkt. # 10.

      "In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)). Deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional

ORDER - 1

circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has failed to show that any exceptional circumstances exist for the appointment of counsel. Up until this point, Plaintiff has not established an inability to articulate the bases of her claims without the assistance of counsel. *See Agyeman*, 390 F.3d at 1103. And the legal issues presented here, though not fully defined at this point, do not appear to be particularly complex. *See id.* Further, Plaintiff's inability to obtain counsel because of cost or lack of availability is not an exceptional circumstance requiring the appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1998).

Plaintiff has likewise not demonstrated a likelihood of success on the merits. The Application form asks the question, "Has the Equal Employment Opportunity Commission, or other state or federal agency officially determined whether there is reasonable cause to believe that that allegations of your complaint are true." In response, Plaintiff answered, "not sure." While given an opportunity in the form to do so, Plaintiff does not otherwise explain why her claim has merit. At this early stage of litigation, the record is not sufficiently developed for the Court to make such a determination.

This case does not, at this time, present the requisite extraordinary circumstances for the appointment of counsel. The Court DENIES Plaintiff's motion without prejudice. Dkt. # 10. Plaintiffs may renew this motion later in the proceedings if exceptional circumstances warrant the appointment of counsel.

/

/

ORDER - 2

Dated this 24th day of April, 2023.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3